CONDARY GOSSOM,

       Plaintiff,

v.                 1:18-CV-0140
                    (WBC)
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br> Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | JEANNE MURRAY, ESQ.<br>KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL - REGION II<br> Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | DENNIS CANNING, ESQ.<br>HEETANO SHAMSOONDAR, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

  The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted, to the extent he seeks remand for further proceedings, and the Commissioner's motion is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1970. (T. 53.) He completed high school. (*Id*.) Generally, Plaintiff's alleged disability consists of "whole right side weak from fall." (T. 133.) His alleged disability onset date is April 1, 2014. (T. 53.) Plaintiff's past relevant work consists of fast food worker and metal products laborer. (T. 23.)

### B. Procedural History

On April 11, 2014, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (T. 53.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On September 15, 2016, Plaintiff appeared before the ALJ, Stanley A. Moskal, Jr. (T. 29-52.) On December 29, 2016, ALJ Moskal issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 9-28.) On November 29, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-7.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 14-25.) First, the ALJ found Plaintiff had not engaged in substantial gainful activity since April 11, 2014. (T. 14.) Second, the ALJ found Plaintiff had the severe impairments of: left knee degenerative joint disease, degenerative disease of the cervical spine, a depressive disorder, and an anxiety disorder. (*Id*.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals

one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 15.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform:

> light work as defined in [20 C.F.R. § 416.967(b)], because [Plaintiff] is able to lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. In addition, [Plaintiff] retains the ability to understand and follow simple instructions and directions, perform simple tasks with supervision and independently, maintain attention and concentration for simple tasks, regularly attend to a routine and maintain a schedule, relate to and interact appropriately with co-workers, supervisors, and the public in order to carry out simple tasks, and handle work-related stress in that he is able to make decisions directly related to the performance of simple tasks in a position with consistent job duties that does not require [Plaintiff] to supervise or manage the work of others.

(T. 18.)[1] Fifth, the ALJ determined Plaintiff could perform his past relevant work as a fast-food worker, cleaner, molding machine tender, and/or metal products laborer. (T. 23.) In the alternative, the ALJ determined there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (*Id.*)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the ALJ "erred by giving both the psychiatric and internal medicine consultative examinations significant weight, but then discounting the more limiting aspects of both opinions, engaging in a clear case of cherry-picking, for which

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

3

remand is warranted, as the RFC is not based upon substantial evidence." (Dkt No. 12 at 17-22.) Plaintiff also filed a reply in which he reiterated his original arguments. (Dkt. No. 17.)

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the ALJ properly considered the opinions of the consultative examiners. (Dkt. No. 16 at 23-30.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational

interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there

are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. § 416.945(a)(1)[2]. The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources. *Id*. §§ 416.927(d), 416.945(a)(3), 416.946(c). The relevant factors considered in determining what weight to afford an opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion, the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source. *Id*. § 416.927(c)(1)-(6).

Here, the record contains medical source opinions from various consultative examiners; however, no treating source provided an opinion. For the reasons outlined below, the ALJ failed to properly assess the opinions of the consultative examiners and remand for further proceedings is necessary.

### i.) Consultative examiner, Nikita Dave, M.D.

On December 2, 2016, Plaintiff met with Nikita Dave, M.D., for an internal medicine examination. (T. 381-385.) Dr. Dave provided a medical source statement

---

[2] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

6

and completed an RFC form. (T. 385-391.) In her medical source statement, Dr. Dave opined Plaintiff had "moderate to marked limitations for repetitive reaching overhead or outward above shoulder level and moderate limitations for lifting, carrying, pushing, and pulling of objects." (T. 385.) She further opined Plaintiff had "mild to moderate" limitations for repetitive bending, twisting, "prolonged" sitting and standing due to low back pain and neck pain. (*Id*.) Plaintiff had no limitations for fine motor activities. (*Id*.)

Dr. Dave completed an RFC form in which she provided specific exertional and non-exertional physical limitations. Dr. Dave indicated Plaintiff could frequently lift and carry up to 10 pounds, occasionally lift and carry up to 20 pounds, and never lift and carry 21 or more pounds. (T. 386.) Dr. Dave opined Plaintiff could, at one time, sit for one hour, stand for 30 minutes, and walk for 30 minutes. (T. 387.) Dr. Dave indicated Plaintiff could sit for a total of four hours, stand for a total of three hours, and walk for a total of three hours in an eight-hour workday. (*Id*.) Dr. Dave indicated Plaintiff had no limitations with the use of his left hand. (T. 388.) Dr. Dave indicated Plaintiff could never reach overhead or in any direction with his right hand. (*Id*.) She indicated Plaintiff could frequently use his right hand for pushing/pulling and continuously use his right hand for handling, fingering, and feeling. (*Id*.) Dr. Dave opined Plaintiff could occasionally use his feet to operate foot controls. (*Id*.) Dr. Dave opined Plaintiff could frequently: climb stairs and ramps, stoop, kneel, crouch, and crawl. (T. 389.) She opined Plaintiff could occasionally balance and never climb ladders or scaffolds. (*Id*.) She opined Plaintiff could never work from unprotected heights; occasionally work with moving mechanical parts, humidity and wetness, extreme cold, and extreme heat; and

7

frequently work with humidity and wetness, dust, odors, fumes and pulmonary irritants, and vibrations. (T. 390.)

The ALJ afforded "significant weight" to Dr. Dave's opinion due to her "expertise, her physical examination of [Plaintiff] and the relative consistency of her opinions with the overall evidence." (T. 21.) However, the ALJ determined Dr. Dave's non-exertional limitations were "inconsistent with the longitudinal medical evidence in the record, including [Plaintiff's] good response to treatment for the conditions that form the basis of these limitations." (*Id*.) The ALJ further concluded the limitations were "inconsistent" with clinical findings, reported activities of daily living, and Dr. Dave's notations of Plaintiff's activities. (*Id*.) The ALJ discounted Dr. Dave's opinion regarding Plaintiff's ability to sit, stand, and walk because they were "scribbled and crossed out at times" and inconsistent with her narrative statement Plaintiff had "mild to moderate" limitations sitting and standing. (T. 22.) The ALJ concluded the "sum total" of Dr. Dave's opinion were considered and supported his RFC determination for light work without additional non-exertional limitations. (*Id*.)

Plaintiff asserts the ALJ erred in his assessment of Dr. Dave's opinion because the ALJ "engaged in cherry-picking" and arbitrarily substituted his own judgment for competent medical opinion. (Dkt. No. 12 at 21.) Defendant counters the ALJ properly assessed Dr. Dave's opinion and provided sufficient explanation for discounting the doctor's non-exertional limitations and the sitting, standing, and walking limitations provided in the RFC form. (Dkt. No. 16 at 27-30.)

Here, the ALJ failed to provide substantial evidence to support his determination rejecting Dr. Dave's non-exertional limitations and the sitting, standing, and walking

8

limitations provided in her RFC form. To be sure, the ALJ does not have to adopt the entirety of one medical opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). However, the ALJ's reasoning for rejecting portions of the opinion must be set forth sufficiently to provide meaningful review. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("Remand may be appropriate, however, where ... inadequacies in the ALJ's analysis frustrate meaningful review."). Further, an ALJ cannot "pick and choose evidence in the record that supports his conclusions." *Cruz v. Barnhart*, 343 F. Supp. 2d 218, 224 (S.D.N.Y. 2004).

The ALJ rejected portions of Dr. Dave's opinion reasoning the limitations were inconsistent with the "longitudinal medical evidence in the record" and Plaintiff's "good response" to treatment "as discussed above." (T. 21.) In support of his assertion, the ALJ only cited Dr. Dave's examination. (*Id.*) A one-time consultative examination does not constitute a longitudinal record. Further, a review of the ALJ's decision contained no comprehensive discussion of the "longitudinal record." (T. 19-23.) The ALJ's discussion of the physical medical evidence consists primarily of Dr. Dave's examination. (T. 20-22.)[3] Therefore, the ALJ's determination, that Dr. Dave's

---

[3] In assessing Plaintiff's subjective complaints of pain, the ALJ noted Plaintiff received "conservative treatment modalities administered to manage chronic pain, including medication, management and activity modification (Exhibits 1F, 2F, 3F, and 5F)." (T. 20.) A general citation to the entirety of the record does not permit this court to glean the ALJ's rationale. *See Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) (noting that when "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability"). Dr. Dave's examination was the only evidence of physical impairments discussed by the ALJ in any meaningful detail.

9

limitations were inconsistent with the longitudinal record was improper because the ALJ failed to discuss the longitudinal record and therefore meaningful review is frustrated.

The ALJ discounted Dr. Dave's specific standing, walking, and sitting limitations provided in the RFC form reasoning the limitations were inconsistent with her medical source statement that Plaintiff had "mild to moderate" limitations. (T. 22.) To be sure, "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). However, the two statement were not inherently inconsistent and the ALJ failed to support his determination with substantial evidence in the record. Dr. Dave's RFC form required the doctor to provide more specific functional limitations, whereas the medical source statement contained broader terminology. Essentially, Dr. Dave's RFC form provided concrete functional parameters to her broader medical source statement. Because the ALJ provided no evidence in the record to support his assertion that Dr. Dave's broader opinion was entitled to more weight than her specific limitations, this court cannot determine whether substantial evidence supported the ALJ's conclusion.

In addition, the ALJ improperly rejected portions of Dr. Dave's opinion because the doctor made corrections on her RFC form. (T. 22.) It is unclear how Dr. Dave's corrections undermined her opinion.

Overall, meaningful review is frustrated because the ALJ failed to provide substantial evidence in the record to support his determination to afford significant weight to the least restrictive portion of Dr. Dave's opinion and reject the more restrictive portions. *See Montanez v. Berryhill*, 334 F. Supp. 3d 562, 565 (W.D.N.Y. 2018) (remand necessary where the ALJ "failed to sufficiently explain his decision *not* to credit

any of the evidence of *greater* [. . .] limitations"); *see Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 298 (W.D.N.Y. 2006) ("With no explanation provided, it is not possible for the Court to know why, [. . .] the ALJ chose to disregard the evidence that was more favorable to plaintiff's claim."). Therefore, remand for further proceedings is necessary for a proper evaluation of Dr. Dave's opinion.

### ii.) Consultative examiner, Janine Ippolito, Psy.D.

On December 2, 2016, psychiatric consultative examiner, Dr. Ippolito, performed an evaluation, provided a medical source statement, and completed an RFC form. (T. 372-380.) In her medical source statement, she opined Plaintiff could follow and understand simple directions and instructions; perform simple tasks independently; maintain a regular schedule; and perform complex tasks independently. (T. 375-376.) She further opined Plaintiff had mild limitations maintaining attention and concentration; moderate limitations making appropriate decisions; relating adequately with others; and appropriately dealing with stress. (T. 376.)

In her RFC form, Dr. Ippolito opined Plaintiff had no limitations in his ability to: understand and remember simple instructions; carry out simple instructions; make judgments on simple work-related decisions; and respond appropriately to usual work situations and to changes in a routine work setting. (T. 378-379.) She further opined Plaintiff had mild limitations in his ability to: understand and remember complex instructions; carry out complex instructions; and make judgment son complex work-related decisions. (T. 378.) She opined he had moderate limitations in his ability to: interact appropriately with the public; interact appropriately with supervisors; and interact appropriately with co-workers. (*Id.*)

11

Of note, on September 13, 2013, non-examining State agency medical consultant, J. Straussner, reviewed the record and provided an opinion. (T. 72-76, 79-80.) Dr. Straussner opined Plaintiff could "respond to supervision while performing work involving simple tasks having brief/superficial contacts with co-workers and the public." (T. 80.)

The ALJ afforded "significant weight" to Dr. Ippolito's opinion due to her "expertise, her mental status examination of [Plaintiff], and the relative consistency of her opinions with each other and the longitudinal medical evidence in the record." (T. 22.) However, the ALJ determined Dr. Ippolito's "moderate social functioning limitations" were "overstated in the balance of the overall evidence in the record, including mental status examination clinical findings and [Plaintiff's] reported activities of daily living." (*Id*.)

Plaintiff asserts the ALJ erred in his analysis of Dr. Ippolito's opinion because he failed to discuss why he afforded diminished weight to the doctor's opinions Plaintiff had limitations dealing with stress, maintaining attention and concentration, and learning new tasks. (Dkt. No. 12 at 18-19.) Here, any error the ALJ may have made in assessing Dr. Ippolito's opinion regarding "mild" and "moderate" limitations was harmless because a limitation to unskilled work is not inconsistent with mild and/or moderate limitations in mental work-related functioning. *Washburn v. Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017), *appeal dismissed* (Mar. 30, 2018) ("It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning."). Therefore, any error in failing to specifically assess mild and moderate limitations in Plaintiff's ability to deal with stress, maintain attention and

concentration and learn new tasks, was harmless. However, because remand is necessary for a proper evaluation of Dr. Dave's opinion, this decision should not be read to preclude the ALJ's from re-evaluating Dr. Ippolito's opinion.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:   June 18, 2019

_____
William B. Mitchell Carter
U.S. Magistrate Judge